CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 7 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JULIUS STANLEY WAGNER, ) | |
|     Petitioner, ) | Civil Action No. 7:07cv00420 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, WARDEN, ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

Petitioner Julius Stanley Wagner, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Wagner claims that trial counsel provided ineffective assistance during the sentencing phase and in failing to file a notice of appeal upon Wagner's request; the District Court of Maryland erred in adopting the presentence investigative report and in finding that Wagner was an armed career offender; and that the District Court of Maryland erred in recharacterizing Wagner's motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Upon review of the petition, the court concludes that Wagner has failed to demonstrate entitlement to relief under § 2241 and that his petition must be dismissed without prejudice.

I.

On October 27, 2000, Wagner was convicted in the United States District Court for the District of Maryland after he pleaded guilty, by way of written plea agreement, to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922. The court sentenced Wagner to 180 months imprisonment followed by a period of supervised release. Wagner challenged the legality of his conviction in a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed in the District Court of Maryland. See Wagner v. United States, No. 1:01cv02739 (Dist. Md. Jan. 29, 2002). The court denied his motion on January 29, 2002. Wagner then filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which the court construed as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure and dismissed on July 26, 2006 without prejudice. See Wagner v. United States, No. 1:06cv01859 (Dist. Md. July 26, 2006).

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective"for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Wagner's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Clearly there has been no change in the law making it now legal to possess a firearm as a convicted felon. Accordingly, the court finds that Wagner fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and his claims cannot be addressed under § 2241.[2]

---

[1] See United States v. Little, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction ... [is] properly brought under 28 U.S.C.A. § 2241.") "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

[2] The court declines to construe Wagner's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977) Second, Wagner has already filed a § 2255 motion in the District Court of Maryland and, in order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Since Wagner has not demonstrated that the United States Court of Appeals for the Fourth Circuit has issued him pre-filing authorization to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer Wagner's motion.

## III.

For the reasons stated herein, the court dismisses Wagner's petition without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This 7th day of September, 2007.

United States District Judge